UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


JOEL RENE WHITMORE                    CIVIL ACTION NO. 13-cv-0629

VERSUS                                JUDGE HICKS

PRESLEY J. BORDELON                   MAGISTRATE JUDGE HORNSBY


**REPORT AND RECOMMENDATION**

**Introduction**

Joel Rene Whitmore ("Petitioner") was charged in Bossier Parish with two counts of indecent behavior with a juvenile (someone he believed to be a 12-year-old girl) and four counts of computer-aided solicitation of a minor.  He waived his right to a jury trial, and Judge Bruce Bolin found him guilty as charged.

Petitioner pursued a direct appeal.  State v. Whitmore, 58 So.3d 583 (La. App. 2d Cir. 2011), writ denied, 75 So.3d 937 (La.), cert. denied, 132 S.Ct. 2434 (2012), rehearing denied, 133 S.Ct. 77 (2012).  He filed a post-conviction application in state court.  He did not pursue that application beyond the district court level, so he did not exhaust  any claims through that means.

He next filed this action for federal habeas corpus relief and set forth several claims. The court noted during the initial review process that it appeared Petitioner did not exhaust his state court remedies on several of the claims.  Petitioner withdrew the unexhausted claims.  Doc. 19.  The court then ordered the state to respond to the claims that (1) the

statutes of conviction violated free speech rights under the First Amendment, (2) the statutes violated due process because the actual age of the person was not a defense, and (3) the sentences were excessive.  For the reasons that follow, it is recommended the petition be denied.

**Background Facts**

The case was tried on a joint stipulation of online communications and recorded telephone conversations.  The record showed that Officer Matt Wright posed as Liltaralee12, a 12-year-old female, on an online chat service.  Petitioner sent an electronic message over the internet to "Liltaralee12," a person he believed to be a 12-year-old girl.  In an initial chat, Liltaralee12 said that she was in middle school and "almost 13."  Petitioner said that his name was Joel and that he was a 40 year old high school teacher. The girl's age and grade in school were mentioned in a later chat as well, and the context of the communications leaves no doubt that Petitioner believed he was chatting with a child.

Petitioner had several chat sessions with Liltaralee12 in which he discussed, among other things, how he could teach the girl to masturbate, her sexual experiences, and his alleged sexual experiences with girls age 14 and 16.  He sent links to a pornographic website so the girl could learn how to masturbate.  He also described how he was masturbating to her Myspace picture during a chat session.

Officer Shelley Anderson posed as the same 12-year-old female and called Petitioner, as he had requested.  During the conversation, Petitioner attempted to instruct her how to masturbate, giving step-by-step directions. In other chat messages, Liltaralee12 asked

Petitioner if she was old enough for him.  Petitioner said that she was not legally old enough

for him, but if she thought she was then it was settled and they should get married.  Because

she was still a virgin, though, he said "We'll have to fix that."

During later chat communications, Liltaralee12 stated that she would be staying with

her 13-year-old cousin that week.  Petitioner told her that the two of them should practice

masturbating, and he offered to drive to them and "show you" and said, "I'll do yours and

you can do mine."  He also discussed the girls performing oral sex on him in exchange for

him bringing alcohol.  Officer Anderson again posed as Liltaralee12 and called Petitioner a

second time.  He again gave her step-by-step instructions to assist her in masturbating.

Petitioner mentioned during one session that there were "all kind of internet stings on

here" with "police who try to set up adults with underage girls."  He asked Tara to assure him

that she was not "one of those guys" and to "promise u aren't one of those."  Tara assured

him, "I am who I told you I was."

**First Amendment Challenge**

Petitioner was convicted of indecent behavior with juveniles under La. R.S.

14:81(A)(2), which at the time provided that the crime included the commission of certain

acts "with the intention of arousing or gratifying the sexual desires of either person."  The

acts included:

> The transmission of an electronic textual communication or an electronic
> visual communication depicting lewd or lascivious conduct, text, or images to
> any person reasonably believed to be under the age of seventeen and
> reasonably believed to be at least two years younger than the offender. It shall
> not be a defense that the person who actually receives the transmission is not

under the age of seventeen.

Petitioner was also convicted of computer-aided solicitation of a minor, which La.

R.S. 14:81.3 then defined as follows:

> Computer-aided solicitation of a minor is committed when a person eighteen years of age or older knowingly contacts or communicates, through the use of electronic textual communication, with a person who has not yet attained the age of eighteen or a person reasonably believed to have not yet attained the age of eighteen, for the purpose of or with the intent to persuade, induce, entice, or coerce the person to engage or participate in sexual conduct or a crime of violence as defined in R.S. 14:2(B), or with the intent to engage or participate in sexual conduct in the presence of the person who has not yet attained the age of eighteen, or the person reasonably believed to have not yet attained the age of eighteen.

Petitioner argued in the trial court and on appeal that the application of the statutes to the facts of his case denied his right to freedom of speech as protected by the First Amendment.  The statutes plainly do not make mere speech a crime.  The indecent behavior statute prohibits the transmission of text or visual communication that depict lewd or lascivious conduct, and it also require the element that the communication was made with the intention of arousing or gratifying the sexual desires of either the sender or the child.  The solicitation statute prohibits communications made "for the purpose of or with the intent to persuade, induce, entice, or coerce" a minor to "engage or participate in sexual conduct."

The state appellate court reviewed the arguments and considered decisions such as Ashcroft v. The Free Speech Coalition, 122 S.Ct. 1389 (2002) (striking down provisions of a federal statute that barred virtual depictions of minors engaged in sex) and Reno v. ACLU,

117 S.Ct. 2329 (1997) (finding unconstitutional provisions of a federal act that prohibited transmitting obscene or indecent material or patently offensive messages to minors).  The appellate court determined that the Louisiana convictions were not unconstitutional under those authorities because offers to engage in illegal transactions are not protected by the First Amendment, and the Louisiana statutes included the additional elements of intent to arouse or gratify sexual desires or to induce a minor to participate in sexual conduct.

Petitioner continues to argue in this court that he was arrested solely for conversation with an adult police officer who posed as a fictitious minor and that his conversation was protected by the First Amendment.  This claim was adjudicated on the merits in the state courts.  Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).

When Section 2254(d)(1) speaks of "clearly established Federal law, as determined by the Supreme Court of the United States," it means holdings of the Supreme Court as of the time of the relevant state court decision.  Yarborough v. Alvarado, 124 S.Ct. 2140, 2147 (2004).  A decision by a federal circuit court, even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1).  Glebe v. Frost, 135 S.Ct. 429, 431 (2014);  Salazar v. Dretke, 419 F.3d 384, 399 (5th Cir. 2005).

A state court's decision is contrary to clearly established Supreme Court precedent when it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts.  Pape v. Thaler, 645 F.3rd 281, 287 (5th Cir. 2011).  A state court makes an unreasonable application of clearly established federal law when it identifies the correct governing legal principle from the Supreme Court's decisions but applies it to the facts in a way that is not only incorrect but objectively unreasonable.  Renico v. Lett, 130 S.Ct. 1855, 1862 (2010).

A number of other courts, state and federal, have reviewed convictions under statutes similar to those at issue here and found that they withstood First Amendment challenge, largely because their elements included conduct or speech that was not protected by the First Amendment.  See, e.g., State v. Lewis, 2013 WL 6762403 (Haw. Ct. App. 2013); Podracky v. Commonwealth, 662 S. E. 2d 81 (Va. App. 2008);  State v. Backlund, 672 M. W. 2d 431 (N. D. 2003); U. S. v. Meek, 366 F.3d 705, 721 (9th Cir. 2004) ("The inducement of minors to engage in illegal sexual activity enjoys no First Amendment protection"); and U. S. v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000) (the defendant did "not have a First Amendment right to attempt to persuade minors to engage in illegal sex acts").

Petitioner cites general principles from Supreme Court decisions that he argues should apply to forbid his convictions, but he cites no case that has overturned a conviction under the same or a similar statute on First Amendment grounds.  More important, he cites no Supreme Court holding on the particular issues in this case that would clearly establish the

law.  One article noted that "the Supreme Court has not yet heard a case specifically challenging Internet luring regulations."  M. Megan McCune, <u>Virtual Lollipops and Lost Puppies: How Far Can States Go to Protect Minors Through the Use of Internet Luring Laws,</u> 14 CommLaw Conspectus 503, 514 (2006).  Considering the conduct elements of the statutes at issue, and the lack of a clearly established Supreme Court holding that would protect Petitioner's activity in this case, habeas relief is not available on this claim.

**Right to Present a Defense**

Petitioner represents that both statutes under which he was convicted state that "the actual age of the person shall not be a defense."  He argues that this takes away any affirmative defense he might offer and, therefore, violates his right to present a defense as protected by the Due Process Clause.

Neither statute actually includes the language that Petitioner quotes.  The computer aided-solicitation statute provided, at the relevant time, that :  "It is not a defense . . ., on the basis of consent or otherwise, that the person reasonably believed to be under the age of eighteen is actually a law enforcement officer or peace officer acting in his official capacity." La. R.S. 14:81.3(C)(3).  The indecent behavior with a juvenile statute, La. R.S. 14.81, provided at that time: "It shall not be a defense that the person who actually receives the transmission is not under the age of seventeen."

Assessing this claim is difficult because the focus of Petitioner's argument has shifted during the state and federal proceedings, and it is impossible to determine whether he exhausted his state court remedies on a particular claim without copies of the brief filed on

direct appeal and the application for a writ filed with the Supreme Court of Louisiana. The State has filed hundreds of pages of paper, but it does not appear that it included those critical documents. The supreme court petition is included in Petitioner's response (Doc. 9) to the court's exhaustion inquiry made during the initial review process, but at least some of the relevant filings, such as the original brief filed in the Second Circuit, were not included.

It is critical that the State include in the record it submits the briefs filed at each stage of the direct appeal and post-conviction processes. That is because the determination of whether a claim was exhausted is made by looking to the briefs filed in state court, not the state court rulings. Smith v. Digmon, 98 S.Ct. 597 (1978); Soffar v. Dretke, 368 F.3d 441, 467 (5th Cir. 2004). Issues such as exhaustion, as well as timeliness, can prevent the need to address a claim on the merits, but they often cannot be assessed if the State gives the court only the state court rulings. There may be an exhaustion defense available on this claim, but the lack of a complete record deprives the State of its benefit. The court will address the claim on the merits.

Petitioner's federal *petition* (the basic pleading) complains only about the alleged provisions in the statutes that the actual age of the person shall not be a defense. That provision is found only in the indecent behavior with a juvenile statute, and the state appellate court found the attack on it was waived when not properly presented in a motion in the trial court. State v. Whitmore, 58 So.3d at 595. Petitioner's federal *memorandum*, which devotes less than two pages to this claim, presents it as a denial of the right to raise as a defense the fact that the person he was in communication with was actually an adult law

enforcement officer.  That argument addresses the language found in the computer-aided solicitation statute.

The state appellate court said that Petitioner had the right to present any and all evidence bearing on his innocence unless prohibited by the federal or state constitutions, law, or jurisprudence.  It held that the trial court did not err in denying a motion to quash on the grounds that the computer-aided solicitation statute barred a defense because the statute itself specifically prohibited the defense Petitioner wished to raise.  State v. Whitmore, 58 So.3d at 596.

Petitioner invokes the right to present a defense, but he cites no specific authority that has held that a statutory provision such as these violate that right.  The Supreme Court has recognized the right to a defense and held that it was violated when a trial judge harassed and threatened a defense witness to the point that the witness refused to testify,[1] when a state witness-voucher rule of evidence prevented a defendant from cross-examining a man who had previously confessed to the crime,[2] when a state's evidence rule excluded evidence about the circumstances of a confession without valid justification,[3] and when a state's evidence rule was overly restrictive of the right to introduce proof of third-party guilt.[4]  Each of those cases addressed a situation where the trial court's behavior or a state evidence rule

---

[1] Webb v.Texas, 93 S.Ct. 351 (1972).

[2] Chambers v. Mississippi, 93 S.Ct. 1038 (1973).

[3] Crane v. Kentucky, 106 S.Ct. 2142 (1986).

[4] Holmes v. South Carolina, 126 S.Ct. 1727 (2006).

unreasonably prevented a defendant from presenting relevant evidence that he was not guilty of the elements of the crime.  None of the cases held that a statutory bar of an age-related or fictitious victim defense, found in the statute of prosecution, violated due process.

The Supreme Court in Montana v. Egelhoff, 116 S.Ct. 2013 (1996) addressed a case where a defendant who had been drinking heavily was charged with murder and faced a state statute that provided voluntary intoxication could not be taken into consideration in determining the existence of an intent element of a crime.  A four-justice plurality rejected the claim that the right to present a defense was violated.  It explained that prior decisions did not undermine the principle that the introduction of even relevant evidence can be limited by the state for a valid reason, and many states employed the same voluntary-intoxication rule.  Justice Ginsburg concurred and stated that states enjoy wide latitude in defining the elements of crimes.  To the extent the rule at issue was a legislative definition of the intent element of the crime, then there was no constitutional violation.

The provision of the indecent behavior statute at issue is part of Louisiana's definition of the crime.  It is similar to the provisions in many statutory rape statutes that the defendant's knowledge of the age of the victim is not required to convict.[5]  It is not a rule of

---

[5] "[T]he majority rule in state courts across the nation is that a defendant's knowledge of the age of the victim is **not** an essential element of statutory rape. In many of these states, proof of statutory rape requires merely proof of an act of sexual intercourse and proof that the victim is below the prohibited age."  State v. Fruge, (La. App. 1st Cir. 2012), writ denied, 117 So. 3d 509 (La. 2013).

evidence or the like, which might in certain circumstances support a claim that the right to a defense has been infringed.  As for the fictitious victim argument (which has likely been waived or procedurally defaulted), the "with intent to persuade" element of the computer-aided solicitation statute essentially criminalizes an attempt to entice a minor, and courts have upheld a number of convictions for attempts that involved police posing as children. See, e.g., U.S. v. Lundy, 676 F.3d 444, 448–49 (5th Cir. 2012); U.S. v. Pawlowski, 682 F.3d 205 (3rd Cir. 2012); U.S. v. D'Andrea, 440 Fed. Appx. 273 (5th Cir. 2011); U.S. v. Young, 613 F.3d 735 (8th Cir. 2010); and Prine v. Winn Correctional Center, 2013 WL 4096961 (W.D. La. 2013).   Finally, and most important, Petitioner has not pointed to clearly established law as decided by the Supreme Court that similar statutory provisions violate the right to present a defense.

**Excessive Sentence**

Petitioner lists as his third federal claim that the state court imposed an excessive sentence.  His petition represents that he was a veteran high school teacher of over 17 years with no prior arrest or convictions, and the sentencing court was provided an extensive record of support in the form of letters from colleagues, community leaders, friends, and former students.  Petitioner does not address this issue in his memorandum, and the petition does not state a legal basis for the claim.

The court was not provided with a copy of Petitioner's appellate brief to the Second Circuit, but Petitioner submitted a copy of his petition for writ of certiorari to the Supreme Court of Louisiana.  That document lists the fourth issue as: "The fourth raises excessive

sentences."  The short argument on page 19 of that filing simply submits that the sentence "is excessive."  It does not cite any legal basis.

One aspect of exhaustion requires that the claim be presented to the state court within a federal constitutional framework.  Scott v. Hubert, 635 F.3d 659, 667 (5th Cir 2011), citing Baldwin v. Reese, 124 S.Ct. 1347 (2004) (claim in state court petition for ineffective assistance of appellate counsel not exhausted because not identified as federal in nature).  As noted above, the determination of whether the claim was presented in such a fashion is made by looking to the briefs filed in state court.  Smith, 98 S.Ct. at 598-99.  It is important to determine whether a federal issue was exhausted because "federal habeas corpus relief does not lie for errors of state law."  Swarthout v. Cooke, 131 S.Ct. 859, 861 (2011).  It is very unlikely that Petitioner has exhausted or presented a federal claim related  to his sentence.  His brief of this claim at the final step of the state process made no reference to the Eight Amendment or any other federal law.

Assuming Petitioner did exhaust an Eighth Amendment claim, that provision only forbids the imposition of extreme sentences which are "grossly disproportionate" to the crime of conviction.  Lockyer v. Andrade, 123 S.Ct. 1166 (2003).  "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case."  Id., 123 S.Ct. at 1175.

Petitioner faced a sentencing range of two to 10 years without benefit of parole on

each of his four counts of computer-aided solicitation.[6]  The judge sentenced him to four years for each count, to run concurrently.  Petitioner faced a sentencing range of zero to seven years on each of the two indecent behavior convictions. The court sentenced him to four years for each count, to be served concurrently with each other but consecutively to the solicitation sentences, but the indecent behavior sentences were suspended.  Thus, Petitioner had to serve only a four year sentence for all of the convictions.  Petitioner was also placed on five years supervised probation following release, and he was directed to register as a sex offender. It appears from Petitioner's change of address notice (Doc. 10) that he was released by February 2014, which was about  four years after he was remanded to custody in March 2010 for sentencing.[7]

Judge Bruce Bolin gave extensive reasons, citing both mitigating and aggravating factors, for his relatively lenient sentencing decisions.  The state court easily rejected the claim that the sentences were excessive; they fell within the lower end to middle of the statutory ranges.  This is by no means the extraordinary case where a sentence is grossly disproportionate to the crime.  Relief is not available on this final issue.

Accordingly,

---

[6] The computer-aided solicitation statute has since been amended to provide that when the victim is under 13, the sentence is not less than 10 nor more than 20 years, without benefits.

[7] Petitioner was "in custody" for habeas purposes when filed his petition, and his later release did not render this proceeding moot.  Petitioner's post-release probation and requirement of sex offender registration are continuing collateral consequences that defeat mootness. See Basco v. Goodwin, 2013 WL 1628375 (E.D. La. 2013).

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the

denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of February 2016.

Mark L. Hornsby
U.S. Magistrate Judge